IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM JAMES REESE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16-CV-410-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is William James Reese's motion under 28 U.S.C. § 2255 to vacate,

set aside, or correct sentence by a person in federal custody. Doc. # 1.[1]

## I. INTRODUCTION

In February 2013, a jury in the Middle District of Alabama found Reese guilty of

conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation

of 21 U.S.C. §§ 846 & 841(a)(1), and two counts of aiding and abetting the use of a

communication facility (a cell phone) to facilitate the conspiracy, in violation of 21 U.S.C.

§ 843(b) & 18 U.S.C. § 2.[2] Doc. # 10-24 at 24–29. After a sentencing hearing on June 4,

---

[1] Unless otherwise indicated, references to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Reese was indicted along with eleven other defendants, all of whom were charged in Count 1 with conspiracy to distribute or to possess with intent to distribute 5 or more kilograms of powder and crack cocaine. *See* Doc. # 10-1. The indictment also included numerous substantive courts of drug distribution

2013, the district court sentenced Reese to 360 months in prison on the conspiracy count and 12 months in prison on each count of aiding and abetting the use of a communication facility, all counts to run concurrently.[3] Doc. # 10-3 at 48.

Reese appealed, arguing that the district court erred by granting the Government's "reverse *Batson*[4] challenge" during the striking of the jury. *See* Doc. # 10-15. On June 1, 2015, the Eleventh Circuit issued an opinion affirming Reese's convictions and sentence. *United States v. Reese*, 611 F. App'x 961 (11th Cir. 2015); Doc. # 10-16.

On June 3, 2016, Reese, acting *pro se*, filed this § 2255 motion asserting the following claims:

1. His counsel rendered ineffective assistance by advising him to turn down a plea offer of 22 years in prison because he was unlikely to receive a longer sentence if he went to trial and was convicted.

2. His counsel rendered ineffective assistance by failing to challenge the accuracy of the Government's organizational chart depicting the structure of the drug ring and the roles of the various coconspirators.

3. His counsel rendered ineffective assistance by failing to advise him of his constitutional right to testify and preventing him from testifying in his own defense.

4. His counsel rendered ineffective by failing to move for a severance of his trial from that of his codefendants.

5. He is actually innocent of the offenses of which he was convicted.

---

and counts charging Reese and other codefendants with using a cellular telephone to commit or facilitate the conspiracy alleged in Count 1.

[3] On April 26, 2017, the district court granted Reese's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), applying a two-level reduction to Reese's offense level based on Amendment 782 to the Sentencing Guidelines and reducing Reese's 360-month sentence to 292 months. *See* Case No. 2:12cr87-WKW (Docs. # 843 & 844).

[4] *Batson v. Kentucky*, 476 U.S. 79 (1986).

Doc. # 1 at 4–8; *see* Doc. # 2.

On August 10, 2016, Reese amended his § 2255 motion to add a claim that he should receive a retroactive mitigating role reduction to his sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2. Doc. # 14.

On January 4, 2017, Reese again amended his § 2255 motion, this time to add a claim that his counsel rendered ineffective assistance on appeal by failing to pursue an argument challenging the admission of testimony from a DEA agent regarding a trap compartment in Reese's pickup truck. Doc. # 19.

On April 22, 2018, Reese filed a document with this court styled as "Petitioner's Addendum to His 28 U.S.C. § 2255." Doc. #25. In the document, Reese presented an argument that the district court's application of "relevant conduct enhancements" in determining his guidelines sentencing range fell afoul of the Supreme Court's recent decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017).

On May 10, 2019, Reese filed what he styled as a "Motion to Supplement/Amend § 2255 Petition," in which he argued that his counsel rendered ineffective assistance at sentencing by (1) failing to object to the application of the U.S.S.G. § 2D1.1(b)(1) firearm enhancement in determining his guidelines sentencing range and (2) failing to properly argue the drug amounts attributable to Reese for purposes of sentencing. Doc. # 26.

For the reasons that follow, the court concludes that Reese's § 2255 motion should be denied without an evidentiary hearing and this action should be dismissed with

prejudice. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## II. DISCUSSION

### A.    General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.    Claims of Ineffective Assistance of Counsel in Reese's § 2255 Motion

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

4

Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance

of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1.   *Advice about Plea Offer and Likely Sentence*

Reese claims his lawyer, Pate DeBardeleben,[5] rendered ineffective assistance of counsel by advising him to turn down a plea offer of 22 years in prison because he was unlikely to receive a longer sentence if he went to trial and was convicted. Doc. # 1 at 4; Doc. # 2 at 3–5. Reese maintains that, but for DeBardeleben's mistaken advice, he would have accepted the alleged plea deal and received a lesser sentence. Doc. # 2 at 4–5.

DeBardeleben, filed an affidavit with this court in which he asserts that he looked into a possible plea deal with the Government, but that Reese "was never interested in a plea and insisted on going to trial." Doc. # 6 at 1. DeBardeleben denies that he ever told Reese he would not receive more time if he went to trial and lost, and denies that he ever told Reese not to take a plea deal. *Id*. DeBardeleben also asserts that he asked the Probation Office to calculate Reese's potential sentence and then went over this calculation with Reese, and the "preliminary guidelines estimates showed Mr. Reese looking at 327 months without acceptance of responsibility." *Id*. at 1–2.

---

[5] DeBardeleben represented Reese at trial and on direct appeal.

While "there is no constitutional right to plea bargain," *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), prejudice can be shown if "there is a reasonable probability that, but for counsel's errors, [the movant] would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (quotation marks and alterations omitted). In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court held that, in assessing whether a petitioner was prejudiced in the plea negotiation context where a plea deal was offered but no plea was entered and the petitioner went to trial instead, a petitioner "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 566 U.S. at 164. *See Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

"[D]efense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). If defense counsel fails to relay such formal offers, counsel's performance is deficient. *Id.* at 145–47*; see Jensen v. United States*, 2019 WL 3071855, at *1 (11th Cir. July 15, 2019). Beyond that, the Supreme Court has noted that "the duty and responsibilities of defense counsel in the plea bargain process" are difficult to define, as such negotiations are an art "at least as nuanced as trial advocacy." *Frye,* 566 U.S. at 144.

Reese has not demonstrated ineffective assistance of counsel by DeBardeleben. Although the allegations in Reese's § 2255 motion and DeBardeleben's affidavit conflict regarding DeBardeleben's alleged advice to Reese about his sentencing exposure in a trial versus pleading guilty, this court need not hold an evidentiary hearing to resolve this conflict, because Reese has not pointed to a formal plea offer of 22 years by the Government or indeed any formal plea offer by the Government. While Reese asserts there is a reasonable probability he would have accepted the plea offer but for DeBardeleben's ineffective advice, the plea offer's existence is hypothetical. "Merely restating the standard is not the same as meeting it." *Jensen*, 2019 WL 3071855, at *1. Nor does Reese plead sufficient facts to establish that any formal offer would not have been rescinded because of intervening circumstances (for instance, Reese's failure to accept responsibility or to cooperate with the Government). *See Lafler*, 566 U.S. at 164; *Osley*, 751 F.3d at 1222. Nor does Reese plead sufficient facts to establish that the district court would have accepted the terms of the hypothetical plea offer (which was substantially below Reese's calculated guidelines range). *Id.* Reese also fails to plead sufficient facts to establish that the ultimate terms of any plea agreement would have been less severe than under the sentence imposed upon his conviction at trial. *Id.*

A district court must hold a hearing if the movant has alleged "reasonably specific, non-conclusory facts that, if true, would entitle him to relief," but it "need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (quotation marks omitted). Reese does not present reasonably

8

specific, non-conclusory facts showing the existence of a formal plea offer of 22 years—or any formal plea offer—by the Government. Nor does he allege facts showing that any formal offer would not have been rescinded because of intervening circumstances and would have been accepted by the district court and that the ultimate terms of any plea agreement would have been less severe than the sentence he received. Reese therefore fails to show a reasonable probability that he would have pleaded guilty and opted not to go to trial but for his counsel's allegedly ineffective advice to turn down a plea offer of 22 years because he was unlikely to receive a longer sentence if he went to trial and was convicted. Reese is entitled to no relief on this claim of ineffective assistance of counsel.

### 2.    *Failure to Challenge Organizational Chart*

Reese claims attorney DeBardeleben was ineffective for failing to challenge the accuracy of the Government's organizational chart depicting the structure of the drug ring and the roles of the various coconspirators. Doc. # 1 at 5. According to Reese, the chart was unsupported by the evidence and it gave jurors the impression that his role in the conspiracy was larger than it actually was. *Id.*; Doc. # 2 at 6–8.

The organizational chart was created throughout the trial and was based on evidence as it came in. Regarding the chart, DeBardeleben states in his affidavit:

> The government placed the pictures of the alleged conspirators on a board as testimony of all Defendants was introduced. There was testimony that the Petitioner was closely associated with Willie Davis, the lead conspirator. Not only did the government produce video of the Petitioner with Willie Davis, and an identified drug phone conversation between the two, but after counsel failed to suppress the Petitioner's Dodge truck, pictures of the hidden compartment located in the truck were introduced to the jury. Testimony was further given that the compartment was used to transport kilos of cocaine back and forth from Atlanta. A line was drawn on the board

between Willie Davis and the Petitioner. The only other information on the board was the wiretapped telephone numbers between the Petitioner and Willie Davis.

There was no testimony that the Petitioner ever did anything but go to Atlanta to pick up the drugs and counsel recalls no such indication of that on the chart.

Counsel did object to the phone numbers being placed next to Mr. Reese's picture without the proper foundation and the Court sustained the objection at that point. (Trial transcript I-124, I-129.)

Doc. # 6 at 2.

Reese argues that the chart was misleading because there were lines drawn on it connecting him to Willie Davis and Delmond Bledson[6] although there was no testimony connecting him to these two members of the conspiracy. *See* Doc. # 2 at 6–7. However, as noted by DeBardeleben in his affidavit, the Government presented ample evidence— including witness testimony, recorded phone calls, and video surveillance recordings— connecting Reese to Davis in activities that furthered the conspiracy. *See, e.g.*, Doc. # 10-6 at 202–04 & 307–08; Doc. # 10-7 at 30–33 & 82–87; Doc. # 10-10 at 81–98. Reese contends that the Government presented no evidence of dealings between him and Bledson and that Bledson testified he had no recollection of any dealings with Reese. Doc. # 2 at 6–7. Reese says that the organizational chart therefore misleadingly connected him to Bledson in the conspiracy. *Id.*

In his description of the organizational chart, DeBardeleben makes no mention of a line drawn between Reese and Bledson. *See* Doc. # 6 at 2. DeBardeleben states only that a

---

[6] Evidence presented at trial indicated that Davis and Bledson were the two kingpins in the conspiracy.

line was drawn between Reese and Davis. *Id*. The chart was not presented to this court with Reese's § 2255 motion. Consequently, Reese does not establish that there was a line on the chart drawn between him and Bledson. Nor does Reese demonstrate how conspicuous or misleading any such line was if it did appear on the chart. While the Government's evidence, as Reese says, may not have established any direct dealings between Reese and Bledson in the conspiracy, the Government's evidence did show that Reese and Bledson were participants in the same conspiracy.

The district court determined that the organizational chart was admissible under Rules 611(a) and 1006 of the Federal Rules of Evidence. The court instructed jurors that the chart was valid only to the extent it reflected the underlying evidence and that jurors should give the chart only so much weight as they believed it deserved. Doc. # 10-13 at 152. Under the circumstances, particularly given the district court's instructions to the jury, Reese fails to demonstrate that any information reflected on the chart was reasonably likely to mislead the jury and influence its verdict. Thus, Reese has not established the necessary prejudice to sustain his ineffective assistance of counsel claim, and he is entitled to no relief on this claim.

### 3.    *Right to Testify*

Reese claims DeBardeleben rendered ineffective assistance of counsel by failing to advise him of his constitutional right to testify and by preventing him from testifying after he told DeBardeleben during trial that he wanted to testify to refute testimony by Government witnesses. Doc. # 1 at 6; Doc. # 2 at 9–12.

The Sixth Amendment right of a defendant to testify at his criminal trial is both fundamental and personal to him.

> Even more fundamental to a personal defense than the right of self-representation, which was found to be "necessarily implied by the structure of the [Sixth] Amendment," . . . , is an accused's right to present his own version of the events in his own words. A defendant's opportunity to conduct his own defense by calling witnesses is incomplete if he may not present himself as a witness.

*Rock v. Arkansas*, 483 U.S. 44, 52 (1987). *See also United States v. Teague*, 953 F.2d 1525, 1532 (1992). When counsel prevents a defendant from exercising this fundamental right, counsel's actions fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Gallego v. United States*, 174 F.3d 1196, 1197 (11th Cir. 1999). Even in the context of a denial of the right to testify, a defendant who establishes the performance prong of the *Strickland* analysis must still demonstrate prejudice by showing there is a reasonable probability that the results of the proceeding would have been different. *Fishbone v. Sec'y for Dep't of Corrs.*, 165 F. App'x. 800, 801 (11th Cir. 2006) (citing *Strickland*).

Addressing Reese's claim that he failed to advise him of his right to testify and prevented him from testifying, DeBardeleben states:

> Early on in meeting with the Petitioner, his rights to testify were fully and completely discussed. The Petitioner early on said that he would not testify because of his prior criminal convictions. The Petitioner was in category V in criminal history. I concurred with his decision but the decision was his. Be it noted that the Court outside the presence of the jury informed all Defendants individually of their right to testify and each declined that opportunity. (Trial transcript VIII-53–58.)

> . . . . The Petitioner never requested to testify at any time before or during the trial.

12

Doc. # 6 at 2–3.

At trial, just before the Government rested its case, the following exchange took

place between the court and the defendants' lawyers, including DeBardeleben:

> [THE COURT:]  The last item I need—and we can go ahead and
> conclude now and maybe take a short break—is the issue of the 18
> defendants testifying. Off the record yesterday I was informed by counsel
> for—each counsel for each defendant that the defendant would not be
> testifying. And it's my practice to make that—outside the presence of the
> jury to make that determination, that it's a voluntary decision on the part of
> a defendant after consulting with his counsel. So now, I would ask—I'm
> going to address all the defendants at once, but I would ask counsel, starting
> with Mr. Davis's counsel, has there been any change in your position on this
> matter or your client's position on this matter?
>
>     . . . .
>
> MR. DEBARDELEBEN:   Pate DeBardeleben for William James
> Reese. He and I have had this discussion, but he will not be testifying.

Doc. # 10-12 at 54–56.

The district court then questioned Reese regarding whether he wished to testify:

> [THE COURT:]  Mr. William James Reese, have you consulted with
> you lawyer about this matter?
>
> DEFENDANT WILLIAM REESE:  Yes, sir.
>
> THE COURT:   And have you considered the pros and cons of
> testifying or not testifying?
>
> DEFENDANT WILLIAM REESE:  Yes, sir.
>
> THE COURT:  Do you understand you have a right to testify and tell
> your side of the story–your side of the story to the jury? Do you understand
> that?
>
> DEFENDANT WILLIAM REESE:  Yes, sir, Your Honor.

THE COURT:  And after consulting with your lawyer, have you decided not to do so?

DEFENDANT WILLIAM REESE:  Yes, sir.

THE COURT:  You've decided that's in your best interests not to testify?

DEFENDANT WILLIAM REESE:  Yes, sir.

THE COURT:  Okay. Thank you. You may be seated.

Doc. # 10-12 at 58–59.

As the trial transcript shows, Reese affirmed to the district court that (1) he understood his right to testify, (2) he discussed whether or not to testify with his counsel, (3) it was his (Reese's) decision not to testify, and (4) he believed this decision was in his best interests. Thus, regarding the factual issue whether DeBardeleben failed to advise Reese of his right to testify and prevented him from testifying in his own defense, Reese's current version of events is so discredited by the record that no reasonable trier of fact could believe it. A party's sworn account of events may be disregarded if it is "blatantly contradicted by the record, so that no reasonable [trier of fact] could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). *See also, e.g., Van T. Junkins & Assoc., Inc. v. U.S. Indus.*, 736 F.2d 656, 658–59 (11th Cir.1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

Further, even if Reese may have desired to testify, his statements to the district court constituted a waiver of that right. "[I]f an accused desires to exercise [his] constitutional

14

right to testify the accused must act affirmatively and express to the court [his] desire to do so at the appropriate time or a knowing and voluntary waiver of the right is deemed to have occurred." *United States v. Kamerud*, 326 F.3d 1008, 1017 (8th Cir. 2003) (citation omitted).

For the foregoing reasons, the court concludes that no evidentiary hearing is required on this claim. A district court need not hold on evidentiary hearing on allegations in a § 2255 motion that are "affirmatively contradicted by the record." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (citations omitted). In open court, Reese told the trial judge he had discussed his right to testify with his counsel, he understood the right, and it was his decision not to testify. Therefore, he cannot be heard to claim now that his counsel interfered with this right. This claim of ineffective assistance of counsel is due to be denied without an evidentiary hearing.

### 4.    *Failure to Move for Severance*

Reese claims DeBardeleben was ineffective for failing to move to sever his trial from that of his codefendants. Doc. # 1 at 8. According to Reese, his joint trial with his codefendants enabled the Government to present unduly prejudicial evidence of unlawful acts by his codefendants in which he was not involved. *Id.*; Doc. # 2 at 13–15.

As a general rule, defendants who are jointly indicted should be tried together. *United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989); *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976). This is particularly true in conspiracy cases, where charges against multiple defendants may be proven with substantially the same evidence. *United States v. Dorsey*, 819 F.2d 1055, 1058 (11th Cir. 1987). Severance is only justified

when a defendant can show prejudice from which the trial court cannot provide adequate protection. *Dorsey*, 819 F.2d at 1058; *Morrow*, 537 F.2d at 136. The fact that a defendant may suffer some prejudice is not enough to justify severance, as a degree of prejudice is inherent in joint trials. *United States v. Harris*, 908 F.2d 728, 736 (11th Cir. 1990). Defendants' allegations of prejudice must be balanced against the interest of judicial economy and concomitant policy favoring joint trials in conspiracy cases. *United States v. Kopituk*, 690 F.2d 1289, 1318 (11th Cir. 1982).

Prejudice is not established simply because a defendant claims to be a minor figure and argues that much of the evidence at trial may apply only to codefendants. *See United States v. Smith*, 918 F.2d 1501, 1509–10 (11th Cir. 1990). A defendant does not suffer compelling prejudice even if much of the evidence actually produced at trial applies only to codefendants. *Id.*; *United States v. Casamayor*, 837 F.2d 1509, 1511 (11th Cir. 1988). The possible prejudicial effects of such disparity can be significantly alleviated if the trial court instructs the jury it must consider the evidence against each defendant on a separate and independent basis. *United States v. Pritchett*, 908 F.2d 816, 822 (11th Cir. 1990).

Here, Reese's cursory assertions about the Government's presentation of evidence of unlawful acts by his codefendants in which he was not involved do not establish compelling prejudice sufficient to justify severance. Nor does Reese demonstrate a degree of prejudice sufficient to outweigh the interest of judicial economy and the policy favoring joint trials in conspiracy cases. *Kopituk*, 690 F.2d at 1318. Reese demonstrates no reasonable likelihood that a motion to sever his trial from that of his codefendants would have succeeded. Further, the trial court instructed the jury that it must consider the evidence

16

against each defendant on a separate and independent basis (*see* Doc. # 10-13 at 163–64), alleviating the possible prejudicial effects of the presentation of evidence of unlawful acts by Reese's codefendants in which Reese was not involved. *Pritchett*, 908 F.2d at 822

Reese does not demonstrate deficient performance in DeBardeleben failure to move to sever his trial from that of his codefendants, and he fails also to demonstrate any resulting prejudice. He is entitled to no relief on this claim of ineffective assistance of counsel.

## C.    Actual Innocence

Reese says he is actually innocent of the offenses of which he was convicted. Doc. # 2 at 2.

Habeas petitioners asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Reese points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he reargues and reinterprets the trial evidence and claims it did not support his convictions. Doc. # 2 at 2. Allegations regarding the

sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" of a petitioner's actual innocence. *See Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012). Because, Reese points to no new reliable evidence to support his claim of actual innocence, this claim entitles him to no relief.

**D.      Mitigating Role Reduction**

In his August 10, 2016 amendment to his § 2255 motion, Reese argues that he should receive a retroactive mitigating role reduction to his sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2. Doc. # 14 at 1–2.

Section 3B1.2 of the Sentencing Guidelines provides that a defendant's offense level should be decreased as follows:

> (a)      If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b)      If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

For purposes of § 3B1.2(b), a minor participant in the criminal activity is one who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2, cmnt. n.5.

Amendment 794 amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role reduction. The listed factors introduced in Amendment 794 are:

(i)     the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)     the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmnt. n.3(C).

Reese argues that, in light of Amendment 794, he is entitled to a two-level "minor role" reduction under § 3B1.2(b), because he had a limited role and a limited proprietary interest in the conspiracy. Doc. # 14 at 1.

Nothing in Amendment 794 entitles Reese to a sentence reduction through his § 2255 motion. That amendment merely clarified the factors to consider for a minor-role adjustment—it did not substantively change § 3B1.2. *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016); *United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015); *Sapp v. United States*, 2016 WL 4744159 at *1 (S.D. Ga. 2016); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (holding Amendment 794 may be applied retroactively on direct appeals). The Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp.

App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

"The threshold inquiry," therefore, "is whether [Reese's] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). A comparison of the circumstances in *Burke* and in Reese's case confirms that § 2255 relief is not available to Reese based on this claim. After sentencing in both *Burke* and in Reese's case, the Sentencing Commission added a clarifying amendment to the Sentencing Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. However, because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Sentencing Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Burke,* 152 F.3d at 1331 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

"Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law," Reese "was afforded the opportunity to" challenge the denial of a minor role adjustment "at his original sentencing and on direct appeal." *Burke*, 152 F.3d at 1332. The record shows that Reese never did. A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when he establishes that he is actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Reese

20

establishes neither thing here. "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id*. Because Reese did not raise the minor participant issue in prior proceedings and because Amendment 794 would not impact his original sentencing in a way that constitutes a complete miscarriage of justice, Reese is not entitled to § 2255 relief on this claim.

**E.    Untimely Claim in Second Amendment to § 2255 Motion**

On January 4, 2017, Reese amended his § 2255 motion for a second time, presenting a claim that DeBardeleben rendered ineffective assistance of counsel on appeal by failing to pursue an argument challenging the admission of testimony from a DEA agent regarding a trap compartment found in Reese's pickup truck. Doc. # 19. The Government argues that this claim should be dismissed as time-barred under 28 U.S.C. § 2255(f).[7] *See* Doc. # 22 at 17–21. This court agrees that Reese's claim is untimely.

---

[7] The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

As a general rule a § 2255 motion, and all claims for relief under § 2255, must be filed within a year of the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1).[8] Regarding this limitation period, the Supreme Court has stated that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for seeking certiorari review in the Supreme Court expires 90 days after entry of judgment by the appellate court. *See* Rule 13, Rules of the Supreme Court of the United States.

Here, Reese's direct appeal was decided by the Eleventh Circuit on June 1, 2015. Ninety days from that date was August 30, 2015, a Sunday. The first business day thereafter was August 31, 2015. Therefore, any motion or claim by Reese seeking relief under § 2255 must have been filed by August 31, 2016. Reese's § 2255 motion was timely filed on June 3, 2016. Reese filed the first amendment to his § 2255 motion on August 10, 2016. It, too, was timely. However, Reese filed the second amendment to his § 2255 motion on January 4, 2017—126 days after expiration of the limitation period in § 2255(f)(1).

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[8] As the Government correctly observes (Doc. # 22 at 18), the relevant date for determining the timeliness of Reese's amended claim is the date on which his judgment of conviction became final, *see* § 2255(f)(1), because Reese's new claim was not impeded by the government, *see* § 2255(f)(2), and the new claim does not involve a newly recognized right or newly discovered facts, *see* § 2255(f)(3) & (4).

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). However, "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States,* 274 F.3d 1315, 1317 (11th Cir. 2001). "[T]he untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport,* 217 F.3d at 1344 (citations omitted).

In his original, timely filed § 2255 motion, Reese raised four specific claims of ineffective assistance of counsel and a claim of actual innocence. In his first, timely filed amendment to his § 2255 motion, Reese raised a claim seeking a retroactive mitigating role reduction to his sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2. The claim of ineffective assistance of counsel on appeal raised in Reese's January 4, 2017 amendment alleges that counsel was ineffective for failing to

pursue an argument challenging the admission of testimony from a DEA agent regarding a trap compartment found in Reese's pickup truck. Doc. # 19. Reese's original four claims of ineffective assistance of counsel, his claim of actual innocence, and his claim in his first amendment seeking a mitigating role reduction "gave no indication" of the claim raised in his January 4, 2017 amendment. *Pruitt*, 274 F.3d at 1319. Consequently, it cannot be said that the ineffective conduct alleged by Reese in his January 4, 2017 amendment arose out of the same set of facts as the ineffective assistance of counsel claims or actual innocence claim in his original § 2255 motion, or from the claim raised in his first amendment. Therefore, Reese's new claim does not relate back to his original motion or timely first amendment, and the claim is time-barred under § 2255's one-year limitation period. *See, e.g., Espinosa v. United States,* 330 F. App'x 889, 892 (11th Cir. 2009) (untimely amendment to a § 2255 motion did not relate back to the original, timely filed, motion, where it raised completely new claims of ineffective assistance of counsel); *United States v. Craycraft*, 167 F.3d 451, 456–57 (8th Cir. 1999) (untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely claims of ineffective assistance of counsel for not pursuing a downward departure, not objecting to the characterization of the drugs, and not raising challenges to his prior state conviction).

In the § 2255 context, equitable tolling "is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden of proving circumstances that justify the application of equitable tolling "rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Reese presents no argument for the application of equitable tolling to the untimely claim in his January 4, 2017 amendment. Consequently, the claim in his January 4, 2017 amendment is time-barred and due to be dismissed.

## F.   Remaining Untimely Claims

On April 22, 2018, Reese filed a document with this court styled as "Petitioner's Addendum to His 28 U.S.C. § 2255." Doc. #25. In the document, Reese raised a claim that the district court's application of "relevant conduct enhancements" in determining his guidelines sentencing range fell afoul of the Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017).[9] And on May 10, 2019, Reese filed what he styled as a "Motion to Supplement/Amend § 2255 Petition," in which he argued that attorney DeBardeleben rendered ineffective assistance at sentencing by (1) failing to object to the application of the U.S.S.G. § 2D1.1(b)(1) firearm enhancement in determining his guidelines sentencing range and (2) failing to properly argue the drug amounts attributable to Reese for purposes of sentencing. Doc. # 26. The claims raised by Reese in these two documents were first asserted well beyond expiration of the one-year limitation period in § 2255(f)(1).[10] Reese's claim in his April 22, 2018 filing was raised 599 days after the

---

[9] In *Nelson*, the Supreme Court reversed a state procedure whereby a petitioner whose conviction was reversed or invalidated was required to prove his or her innocence by clear and convincing evidence to obtain a refund of costs, fees, and restitution paid pursuant to the invalidated conviction. 137 S.Ct. at 1255. Reese appears to rely on the statement that "the presumption of their innocence was restored" after the convictions were erased, *id.*, to extrapolate the proposition that if he was not convicted of something, he should enjoy a presumption of innocence that would prevent application of relevant conduct and other Sentencing Guidelines enhancements.

[10] As with the claim in Reese's January 4, 2017 amendment, the relevant date for determining the timeliness of the claims in these two documents is the date on which Reese's judgment of conviction became final.

August 31, 2016 expiration of the limitation period in § 2255(f)(1). Reese's claims in his May 10, 2019 "Motion to Supplement/Amend § 2255 Petition" were raised 982 days after expiration of the August 31, 2016 limitation period in § 2255(f)(1).

Furthermore, none of the claims in these two documents relate back to claims in Reese's original, timely filed § 2255 motion or to the claim in Reese's first, timely filed amendment to his § 2255 motion. None of the new claims arise from the "same set of facts"' as Reese's timely filed claims, and all the news claims derive from conduct or occurrences separate in "both time and type" from the conduct or occurrences underlying Reese's timely filed claims. *See Davenport,* 217 F.3d at 1344. Finally, Reese shows no basis for applying equitable tolling to his untimely new claims. Therefore, the claims in his April 22, 2018 and May 10, 2019 filings are untimely and due to be dismissed.

## III. CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Reese be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before September 10, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

---

*See* 28 U.S.C. § 2255(f)(1). The claims in these documents were not arguably impeded by the government, *see* § 2255(f)(2), and they do not involve a newly recognized and retroactively applicable right or newly discovered facts, *see* § 2255(f)(3) & (4).

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 27th day of August, 2019.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE